IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. CR-21-49-RAW |
| | ) |
| TYLER PRESLEY, | ) |
| | ) |
| Defendant. | ) |

### ORDER

Before the court is the motion of the defendant to dismiss certain counts. The indictment (#14) charges defendant with four counts: (1) Murder in Indian Country in perpetration of kidnapping; (2) Kidnapping in Indian Country resulting in death; (3) Use, Carry, Brandish, and Discharge a Firearm during and in relation to a Crime of Violence;[1] (4) Interstate Transportation of a Stolen Vehicle. The present motion does not address Count 4. The motion attacks Count 2 on multiple grounds, and therefore that discussion is deferred.

Pursuant to Rule 12(b)(3)(B)(v) F.R.Cr.P., defendant moves for dismissal of Count 3 for failure to state an offense. Count 3 purports to charge a violation of 18 U.S.C. §924(j). That statute "criminalizes causing the death of a person through use of a firearm while in the course of a violation of 18 U.S.C. §924(c)." *United States v. Kepler,* 2021 WL 4027203, *5 (N.D.Okla.2021). "Section 924(c) makes it a crime to use or discharge a firearm during and in relation to any 'crime of violence' for which a person may be prosecuted in a court of the

---

[1] The crimes of violence alleged as predicates in Count 3 are the crimes charged in Count 1 and Count 2.

United States." *Id.* "The definition of 'crime of violence' is found in 18 U.S.C. §924(c)(3)." *Id.*

"The statutory definition contains both an 'elements clause' and a 'residual clause.' The elements clause defines an offense as a crime of violence if it is a felony and 'has as element the use, attempted use, or threatened use of physical force against the person or property of another.' 18 U.S.C. §924(c)(3)(A)." *Id.* The United States Supreme Court has found the residual clause to be unconstitutionally vague. *Id.* Therefore it will not be addressed. Defendant argues that to determine whether a charge qualifies as a "crime of violence," the court must use the "categorical approach." That approach requires the court to look only to the fact of conviction and the statutory definition of the prior offense and not generally to consider the particular facts disclosed by the record of conviction. *United States v. Elliott,* 2021 WL 2947779, *2 (10th Cir.2021). The court focuses on whether the elements of the crime of conviction sufficiently match the elements of the generic offense. *United States v. Wilks,* 787 Fed.Appx. 991, 993 (10th Cir.2019).

As this language indicates, the use of the categorical approach arose in sentencing review at the appellate level. As the government states: "There is no 'statute of conviction' before this court, only a pending allegation." (#57 at 3). Indeed, "[a] number of district courts have also questioned the use of the categorical approach in §924(c) cases, at least in the context of a pretrial motion to dismiss." *United States v. Cravens,* 719 Fed.Appx. 810, 818 (10th Cir.2017)(O'Brien, J., concurring). The government cites many of these decisions

and asks the court to "wait until the Rule 29 stage to determine if the predicates charged qualify as crimes of violence. If the evidence supports such a finding, the question should be submitted for determination by the jury." (#57 at 5).[2] At least two district courts within the Tenth Circuit have expressed reservations but have employed the categorical approach in the context of a motion to dismiss. *See United States v. Checora,* 155 F.Supp.3d 1192, 1196 (D.Utah 2015) and *United States v. Castillo,* 2016 WL 10267677 & n.2 (D.N.M. 2016). Importantly, such decisions accord with current Tenth Circuit precedent. *See United States v. Serafin,* 562 F.3d 1105, 1107-08 (10th Cir.2009). *See also United States v. Cravens,* 719 Fed.Appx. 810, 816 (10th Cir.2017)("But (for at least debatable reasons) these facts [of the predicate offense] are off limits.")(O'Brien, J., concurring)(emphasis added); ("Without much discussion, we have also extended it to deciding whether an offense is a 'crime of violence' or 'drug trafficking crime' under 18 U.S.C. §924(c)." *Id.* at 817 (emphasis added)).

    At least in the posture of the case at bar, the court will use the categorical approach. Count 3 charges a violation of §924(j), not §924(c); however, proof of a §924(j) violation requires the commission of a §924(c) violation. *See United States v. Roof,* 2021 WL 3746805, *57 (4th Cir.2021). The logic of some cases is that at the motion to dismiss stage, instead of deciding whether every manner of commission of a crime would constitute a crime of violence, the court need only decide whether some manner of commission of that crime would

---

[2]At another point, the government argues in the alternative that the court should "find, as a matter of law, both charged predicate offenses are crimes of violence and to so instruct the jury." (#57 at 6). The government also concedes that "[c]ertainly this Court can apply the categorical approach, but it is not required." *Id.* at 3.

constitute a crime of violence. *See United States v. Cook,* 2018 WL 363745, **2-3 (D.Conn.2018). This is theoretically correct, but if the categorical approach must be employed at some point, waiting until the Rule 29 stage (even apart from Tenth Circuit precedent) seems the quintessential "kicking the can down the road."[3]

As stated, Count 3 lists two predicate offenses, which are Count 1 and Count 2 of the indictment. Count 1 is Murder in Indian Country in Perpetration of Kidnapping, in violation of 18 U.S.C. §1111(a). As defendant argues, this crime falls within the category of "felony murder." Defendant asserts: "Felony murder does not require the *mens rea* necessary for it be considered a crime of violence pursuant to §924(c)(3)." (#56 at 4). That is to say, "felony murder can occur when a defendant recklessly or negligently causes the death of another. This is not a crime of violence under the force clause." *Nakai v. United States,* 2021 WL 3560939, *9 (D.Ariz.2021). *See also Tenth Circuit Pattern Instructions (Criminal)* 2.52.1 (2021) & Comment ("The government need not establish intent other than the intent to commit the underlying felony, and the fact that the killing occurred during the commission of that felony.")[4]

---

[3] It is also not obvious how the government's suggestion of submitting the issue to the jury would be workable. "Whether a crime fits the §924(c) definition of a 'crime of violence' is a question of law." *United States v. Morgan,* 748 F.3d 1024, 1034 (10th Cir.2014). In the pattern jury instruction for §924(c)(1) cases, the court instructs the jury that the predicate offense is a crime of violence. *See Tenth Circuit Pattern Jury Instructions (Criminal)* 2.45 (2021). The issue is to be resolved prior to instructing the jury.

[4] As the government describes the actual alleged crime (#57 at 2), a finding of specific intent could be made. Under the categorical approach, however, the generic crime of felony murder must be considered.

"Thus, [under the felony murder doctrine] a defendant who causes a death in the course of committing another felony will be found to possess malice aforethought even if the death itself was caused by recklessness, negligence, or a simple accident." *Nakai,* at *6. In a fractured opinion, the Supreme Court recently held that crimes with a *mens rea* of recklessness do not fall within the elements clause definition of "crime of violence." *Borden v. United States,* 141 S.Ct. 1817 (2021). "If any – even the least culpable – of the acts criminalized do not entail that kind of force, the statute of conviction does not categorically match the federal standard, and so cannot serve as a predicate offense for purposes of §924(c)(3)(A)." *Id.* at 1822.[5]   The court concludes that Count 1 may not serve as a predicate for Count 3.

The second alleged predicate under Count 3 is Count 2, Kidnapping in Indian Country Resulting in Death, in violation of 18 U.S.C. §1201(a)(2). Defendant argues kidnapping does not necessarily require "force," and it is therefore not a "crime of violence" pursuant to §924(c). Again, the court agrees. One means of kidnapping a person is by "inveigling" (i.e., luring or enticing). *See Tenth Circuit Pattern Jury Instuctions (Criminal)* 2.55 (2021). "Inveigling" does not involve force. *See United States v. Hopper,* 723 Fed.Appx. 645, 646 (10th Cir.2018). This predicate will also not stand. *See also United States v. Hamett,* 2018 WL 3245053 (N.D.Okla.2018)(granting similar motion to dismiss, without specific reference to the "categorical approach"). The government cites *United States v. Ross,* 869 F.3d 829 (8th

---

[5]*See also Leocal v. Ashcroft,* 543 U.S. 1 (2004)(negligence cannot give rise to a crime of violence under similar language).

Cir.2020), which ruled to the contrary. This court is bound by Supreme Court and Tenth Circuit precedent, and the dissent in *Ross* appears to have the better of the argument regarding the categorical approach. Count 3 is accordingly dismissed.[6]

Next, defendant argues that Count 2 should be dismissed for insufficient notice, in that it does not allege that defendant acted "knowingly." The court disagrees. Count 2 alleges (in following the statutory language, which does not include "knowingly") that defendant acted "unlawfully" in seizing the alleged kidnap victim. This is an implicit statement of knowledge. *See United States v. Santeramo,* 45 F.3d 622, 624 (2d Cir.1995)(holding that scienter need not be expressly alleged where the indictment closely tracks the statutory language, and the language fairly imports knowledge.)

Finally, defendant argues Counts 1 and 2 are multiplicitous. In response, the government concedes that they are. (#57 at 8). Multiplicity refers to multiple counts of an indictment which cover the same criminal behavior. *United States v. Frierson,* 698 F.3d 1267, 1269 (10th Cir.2012). Multiplicity is not fatal to an indictment, and the government may submit multiplicitous charges to the jury. *Id.* Multiplicitous sentences, however, violate the Double Jeopardy Clause. *Id.* If a defendant is convicted of both charges, the district court must vacate one of the convictions. *Id.*

---

[6] The Tenth Circuit now holds that §924(j) is a discrete crime rather than a sentencing enhancement. *See United States v. Melgar-Cabrera,* 892 F.3d 1053, 1060 (10th Cir.2018). Although this court is dismissing this Count, it observes that the Indictment charges "use, carry, brandish and discharge a firearm." The statutory language refers only to "the use of a firearm." Defendant did not raise this issue, but the court mentions it for possible future reference.

A decision of whether to require the prosecution to elect between multiplicitous counts before trial is within the discretion of the trial court. *United States v. Johnson,* 130 F.3d 1420, 1426 (10th Cir.1997). The risk of a trial court not requiring pretrial election is that it may falsely suggest to a jury that a defendant has not committed one but several crimes. *Id.* Once such a message is conveyed to the jury, the risk increases that the jury will be diverted from a careful analysis of the conduct at issue and will reach a compromise verdict or assume the defendant is guilty on at least some of the charges. *Id.* Here, given that the concern is with only two counts, the court will not order election. Also, the government notes that (given the elements) the jury could rationally acquit on Count 1 while convicting on Count 2. Of course, should the defendant ultimately be convicted as to two multiplicitous counts, the court will not allow multiplicitous sentences.

It is the order of the court that the motion of the defendant (#56) is hereby granted in part and denied in part. Count 3 of the indictment is dismissed. Counts 1, 2, and 4 proceed at this time.

**ORDERED THIS 21st DAY OF SEPTEMBER, 2021.**

_____
**RONALD A. WHITE
UNITED STATES DISTRICT JUDGE**