IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-21-49-RAW |
| | ) |
| TYLER PRESLEY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the court are the objections of the defendant to the Magistrate's Findings and Recommendation. The undersigned referred the defendant's motion to suppress (#25) to the Magistrate Judge. After evidentiary hearing, the Magistrate Judge entered Findings and Recommendation (#45), recommending that the motion be denied. The court has reviewed the record and makes a de novo determination of those portions to which objection is made, pursuant to 28 U.S.C. §636(b)(1).

The facts (as opposed to their legal significance) are undisputed and therefore the court will simply adopt the recitation of facts by the Magistrate Judge. Defendant was arrested and subjected to questioning in the Adair County Jail. Agent Lanham advised defendant of his *Miranda* rights. Agent Lanham then asked "Do you have any questions about any of those?" Defendant responded "Uh, I have asked before, but like I say, *I do need to talk to my lawyer first,* you know, whatever." (emphasis added). After a few seconds, defendant then asked "Uh, it's the same thing, right?" Agent Lanham responded that he did not understand defendant's question.

Defendant gave an explanation that is in part unintelligible (as indicated on the transcript) but enough is intelligible to indicate defendant was inquiring about the <u>effect</u> of his request for counsel.  Defendant then said "I, I'm like, *but I don't know who my lawyer is, yeah . . . you know what I'm saying?  I'm confused on that.*" (emphasis added).  Agent Lanham responded that "I can't give you legal advice . . . ."  After further discussion, defendant stated he wanted to tell "my side of the story."  The present motion seeks to suppress the subsequent statements.

The parties have little dispute save for the narrow, determinative issue.  "All questioning of a suspect subject to custodial interrogation must end once he invokes his right to an attorney, until the attorney is present, 'unless the accused himself initiates further communication, exchanges or conversations with the police.'" *United States v. Lujan,* 2015 WL 13651126, *2 (D.N.M.2015) (quoting *Edwards v. Arizona,* 451 U.S. 477, 484-85 (1981)).

The Magistrate Judge found that "Defendant initially made it clear that he was invoking his right to consult with legal counsel prior to speaking with the Agents." (#45 at 8).  The government has previously agreed (#34 at 1, 4), although it does not expressly do so in its response (#53) to defendant's objections.  The Magistrate Judge, however, found that defendant's spontaneous question "it's the same thing, right?" fell within the exception to *Edwards* when a defendant initiates further communication with the interrogator.

The issue is quite close, but the undersigned declines to adopt this interpretation. Initiation occurs when a suspect (after invoking right to counsel) initiates a conversation

evincing "a willingness and a desire for a <u>generalized</u> discussion about the investigation." *Oregon v. Bradshaw,* 462 U.S. 1039, 1045-46 (1983)(plurality opinion)(emphasis added). In the court's view, defendant's question did not fall into this category. As the Magistrate Judge noted: "Almost immediately after invoking this right, however, Defendant asked Agent Lanham a question concerning the effect of this invocation." (#45). That is not a question suggesting the desire for a generalized discussion, but a question focused precisely on the preliminary (and fundamental) question of right to counsel. Agent Lanham responded that he could not give "<u>legal</u>" advice" (emphasis added), but nevertheless continued the interrogation.

Moreover, initiating further discussions is not sufficient to admit a defendant's responses. "[I]f the accused invoked his right to counsel, courts may admit his responses to further questioning only on finding that he (a) initiated further discussions with the police <u>and</u> (b) knowingly and intelligently waived the right he had invoked." *Smith v. Illinois,* 469 U.S. 91, 95 (1984)(emphasis added). In other words, "[i]nitiation and waiver are distinct analytical steps; initiation by itself is not adequate to find a waiver." *United States v. Rought,* 2021 WL 3730688, *5 (3rd Cir.2021).

The government bears the burden of proving a valid waiver by a preponderance of the evidence. *United States v. Morris,* 287 F.3d 985, 989 (10th Cir.2002). The court finds this burden has not been met. Defendant stated he was "confused" and did not know who his attorney was. Finally stating (under additional prodding) that he wanted to tell "my side of

the story" is not sufficient. *See United States v. Mullin,* 379 F.3d 919, 932-33 (10th Cir.2004)("Only if the totality of the circumstances surrounding the interrogation reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the *Miranda* rights have been waived").

It is the order of the court that the Findings and Recommendation of the Magistrate Judge (#45) is reversed.  The motion of the defendant to suppress (#25) is hereby granted.  The statements made by the defendant during the custodial interrogation are suppressed.

**ORDERED THIS 21st DAY OF SEPTEMBER, 2021.**

_____
**RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**